Jose Israel GUEVARRA, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney
General, Respondent.

No. 06–60188
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 19, 2007.

Victor Samuel Elfenbein, Dallas, TX, for
Petitioner.

Thomas Ward Hussey, Director, Linda
Susan Wendtland, Don George Scroggin,
U.S. Department of Justice, Office of Im-
migration Litigation, Luis Enrique Perez,
U.S. Department of Justice, Civil Division
Immigration Litigation, Washington, DC,
Anne M. Estrada, U.S. Immigration &
Naturalization Service, Dallas, TX, Caryl
G. Thompson, U.S. Immigration & Natu-
ralization Service, District Directors Of-
fice, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of
Justice, Washington, DC, pro se.

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM: *

Petitioner Jose Israel Guevarra, a native
and citizen of El Salvador, petitions for
review of the decision of the Board of
Immigration Appeals (BIA) that, affirming
without opinion, affirmed the decision of
the Immigration Judge (IJ). The IJ had
determined that Guevarra was statutorily
eligible for relief under the Nicaraguan
Adjustment and Central American Relief
Act of 1997 (NACARA), 8 U.S.C.
§ 1229b(b)(1), but exercised discretion and
denied Guevarra relief.

Guevarra argues that the IJ lacked stat-
utory authority to exercise discretion and
committed "fundamental error" by failing
to determine whether Guevarra had previ-
ously been granted asylum. But, Guevar-
ra did not present these claims to the BIA,
which has adequate mechanisms to ad-
dress the errors alleged. As such, Gue-
varra's claims are unexhausted, so we lack
jurisdiction to review them. 8 U.S.C.
§ 1252(d)(1); see Wang v. Ashcroft, 260
F.3d 448, 452–453 (5th Cir.2001); Goonsu-
wan v. Ashcroft, 252 F.3d 383, 389–90 (5th
Cir.2001).

Guevarra also challenges the IJ's discre-
tionary denial of relief. We have has no
jurisdiction "to review ... any judgment
regarding the granting of relief under sec-
tion ... 1229(b)." § 1252(a)(2)(B)(i). Not-
withstanding Guevarra's attempt to cir-
cumvent this jurisdictional bar pursuant to
§ 1252(a)(2)(D) by characterizing his
claims as questions of law, we lack juris-
diction to hear his claims. See Andrade v.
Gonzales, 459 F.3d 538, 542 (5th Cir.2006);
Mireles–Valdez v. Ashcroft, 349 F.3d 213,
216 (5th Cir.2003).

DISMISSED.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.